HARRY M. ADDISON, JR. v.
MONARCH LIFE INSURANCE COMPANY.

238 N. W. 2d 885.

February 6, 1976—No. 45502.

---

[6] Plaintiff was convicted of interstate theft of a motor vehicle in 1971 and forgery in 1972.

*Barnett, Ratelle, Hennessy, Vander Vort, Stasel & Herzog* and *W. Scott Herzog,* for appellant.

*Robert H. Velta,* for respondent.

PER CURIAM.

This suit was brought by plaintiff to recover the indemnity provided for losses due to sickness and accidental bodily injury under a policy of insurance issued in 1955 by defendant. Plaintiff-insured, born in 1910, worked for many years in his hardware store and also occupied himself as an inventor, having first obtained a patent in 1945.

Plaintiff had no health problems until 1957, when he experienced a period of severe depression which required him to take a 6 weeks' vacation. For this depression he was treated by a psychiatrist. Defendant company paid him for a period of 2 weeks of the 6 weeks' claimed disability.

During the treatment by the psychiatrist, it was discovered plaintiff also suffered from diabetes and neuritis, for which an internist in the psychiatrist's clinic treated him. The diabetes and neuritis became progressively worse and caused him to be totally disabled in September 1965. He submitted claims, apparently supported by the medical evidence furnished by the internist, for disability, and defendant insurance company paid benefits in accordance with the terms of the policy for a period of 22 months. (The policy provided for indemnity to be paid at the rate of $400 a month for a period of 24 months.) After receiving benefits for 22 months, plaintiff voluntarily discontinued submitting claims for benefits in late 1967 or early 1968 as the disability due to diabetes and neuritis subsided.

On April 31, 1969, plaintiff suffered a severe manic depressive reaction and he was committed to a mental hospital. He brought this suit to recover benefits under the policy from February 1969 to February 1971.

The policy provided for indemnity against loss resulting from:

"(1)  Sickness of the Insured, the cause of which shall originate while this policy is in force, hereinafter called 'such sickness,' or

"(2)  Accidental bodily injuries sustained by the Insured while this policy is in force, hereinafter called 'such injuries.'

\*  \*  \*  \*  \*

"Definitions—Wherever used in this policy 'total disability' means

the complete inability of the Insured, as a result of such sickness or such injuries, to engage in any gainful occupation for which he is reasonably fitted."

In addition, the policy provided for recurrent disabilities as follows:

"If, following a period of disability, the Insured shall engage in any gainful occupation for which he is reasonably fitted, and perform all the important duties thereof for a continuous period of six months or more, any subsequent disability commencing while this policy is in force and resulting from or contributed to by the same cause or causes shall be considered a new period of disability, but if said period during which the Insured shall engage in such occupation is less than six months, such subsequent disability shall be deemed a continuation of the preceding disability and the Company's liability for the entire period, including such preceding disability or disabilities, shall be subject to the limits stated in this policy."

At trial, plaintiff presented his case upon the basis that there were two distinct periods of disability, one commencing in 1965, caused by the diabetes and neuritis, and subsiding in 1968; the other commencing in 1969, due to the manic depressive condition. He contended at trial that the policy provision relating to recurrent disability was never reached, "[b]ut if the Court should feel because of the contribution which the depression may have had to his condition in 1966 and '67, then [he] contend[s] that there was a period of at least six months * * * when [he] was not disabled." It was the company's position at trial that it was liable only for payments for disability for a 24-month period after September 1, 1965. At trial, only the testimony of plaintiff and the deposition of the psychiatrist were offered as evidence. The company presented no evidence.

Plaintiff's testimony as to what and when he performed any work in 1968 was very limited and unsupported. He testified he went to the store several times a day, assisted in breaking in a new employee, planned and worked in early reconstruction of the store, and returned to his work as an inventor and filed an application for a patent during 1968.

The psychiatrist's testimony was not at all helpful to plaintiff's case. He testified he first saw plaintiff in 1957 and thereafter plaintiff continued "fighting a depressive reaction"; that he saw plaintiff in January, March, May, and August of 1968; and that during this period plaintiff was totally disabled. He also wrote a letter to the effect that he was totally disabled after September 20, 1968. Plaintiff reported to the doc-

tor during these visits that he would not go to the store more than twice a week and, when there, would not stay for more than a few minutes.

The trial court made findings of fact and conclusions of law that the disability from which plaintiff suffered beginning in April 1969 was a continuation of the disability from which he suffered from May 1966 to January 1968 and ordered judgment for plaintiff in the sum of $546, which was the difference between what he was paid for the disability beginning in May 1966 and the total sum of $9,600. In other words, the trial court found that plaintiff failed to prove that the disability he suffered in April 1969 was not a continuation of the preceding disability.

The trial court did not accept plaintiff's theory that separate periods of disability were established by plaintiff's proof. Plaintiff's claim was considered as being one under the recurrent disability provisions of the policy. Essentially, the trial court denied plaintiff's claim on the basis that he failed to sustain his burden of proof.

Plaintiff's position on this appeal is that the period of disability beginning in the fall of 1965 ended in January 1968, and that plaintiff returned to his work in the hardware store and as an inventor for a period of at least 6 months. He also contends that the disability during 1965 to 1968 was caused by his physical problems of diabetes and neuritis, whereas the disability beginning in 1969 was caused by the manic depressive state. Accordingly, he argues, the trial court's findings were against the weight of the evidence.

The trial court's finding that during the period from January 1968 until April 30, 1969, plaintiff at no time performed all the important duties of either of his pursuits is supported by competent evidence. There was no realistic evidence, as the trial court explained, concerning the "specifics" of what plaintiff did or of the "quality or quantity of the service rendered by the plaintiff" during this period he claimed to have returned to work. Plaintiff's testimony was viewed as "self-serving conclusions" consisting of general statements that he had returned to work. The medical testimony not only tended to contradict plaintiff's testimony but supported the finding that the 1969 disability was caused by the depression, a contributing cause of the earlier disability. Findings of fact made by the trial court shall not be set aside unless clearly erroneous. Rule 52.01, Rules of Civil Procedure.

We are also of the view that plaintiff's contention that the trial court misapplied the rule of adverse inference regarding uncalled witnesses is not warranted. The trial court called attention to plaintiff's failure to produce additional witnesses who were available, for example, other

retailers, salesmen, regular customers, bankers, and advertising agencies, to establish the fact that plaintiff returned to work and performed "all the important duties thereof." An inference may arise from the unexplained failure to produce witnesses where available. Zuber v. N. P. Ry. Co. 246 Minn. 157, 74 N. W. 2d 641 (1956).

Accordingly, the findings of the trial court must be and are affirmed.

Affirmed.